UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Markell Graham, | ) C/A No. 2:12-1438-DCN-BM |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| J.W. Chapman; B. Ray Woodard; State of South Carolina, | ) |
| Defendants. | ) |

Joshua Markell Graham ("Plaintiff"), proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915, brings this case pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Calhoun County Detention Center, and alleges that the defendants have violated his constitutional rights in relation to his pending state criminal case. He seeks monetary damages, as well as to have all criminal charges dropped and his criminal case thrown out.

Under established local procedure in this judicial district, a careful review has been made of the pro se pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir.1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted

by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) *(per curiam)*. Notwithstanding this requirement, however, 28 U.S.C. § 1915, the *in forma pauperis* statute, authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Such is the case here. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.1990).

## Discussion

As an initial matter, it is well settled that the he Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a § 1983 damages suit brought against the State of South Carolina. *See Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 61–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Ala. v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 343, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). In addition, although a State may consent to a suit in a federal district court, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), the State of South Carolina has not

consented to such actions. *See* S.C.Code Ann. § 15–78–20(e). Therefore, the State of South Carolina is immune from Plaintiff's claim for damages in this § 1983 action.

With respect to the named natural defendants, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint lists two individuals, J.W. Chapman and B. Ray Woodard, in the caption of the complaint, but the statement of claim contains no allegations identifying the particular conduct of the named defendants that is alleged to have harmed Plaintiff. Liability under § 1983 arises only when a plaintiff can show that a defendant acting under color of state law was "'personally responsible for a deprivation of a constitutional right;'" *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811 (7th Cir. 2000) (quoting *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996)); and Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). As the defendants are not alleged to be personally involved in violating Plaintiff's federal rights, liability under § 1983 may not be imposed upon them. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1999) ("Liability under § 1983 must be based on the personal involvement of the defendant."). Therefore, the complaint fails to state a claim against the defendants Chapman and Woodard.

Finally, Plaintiff's complaint asks this Court to intervene in his state criminal action. However, in *Younger v. Harris*, the Supreme Court held that a federal court should not equitably



interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971) (courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir.1996). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).

Plaintiff's complaint states that he was arrested on April 22, 2012, and is currently detained on several criminal charges. As an ongoing state criminal proceeding exists, the first abstention prong is satisfied. The second criteria, implication of important state interests, is also satisfied since South Carolina's administration of its criminal justice system "free from federal interference is one of the most powerful considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). Regarding the third "adequate opportunity" criteria, the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 904(quoting *Kugler v. Helfant*, 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975)). In the instant action, Plaintiff will have sufficient opportunity, during his state criminal proceedings, to raise his concerns regarding the charges, warrants and statements, which he claims violate his constitutional rights. Therefore, this Court



4

should abstain from equitably interfering in Plaintiff's state criminal case.

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in this case *without prejudice*. **Plaintiff's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
United States Magistrate Judge

July 19, 2012
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

