**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Joshua Markell Graham, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:12-1438-MGL |
| ) | |
| -vs- ) | |
| ) | **Opinion and Order** |
| J.W. Chapman; B. Ray Woodard; ) | |
| State of South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Joshua Markell Graham is a pretrial detainee housed at the Calhoun County Detention Center. Plaintiff proceeding *pro* se, filed a complaint on May 31, 2012, alleging that Defendants have violated his constitutional rights in relation to his pending state criminal case. (ECF No. 1.) Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C ., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act. On July 20, 2012, the Magistrate Judge filed a Report and Recommendation in which he noted that Defendant State of South Carolina is entitled to Eleventh Amendment immunity. The Magistrate Judge further noted that with respect to the natural named defendants, J.W. Chapman and B. Ray Woodard, there are no allegations in the complaint identifying the particular conduct of the named defendants that is alleged to have harmed Plaintiff. (ECF No. 12 at 3.) Finally, the Magistrate Judge noted that although Plaintiff asks this Court to intervene in his state criminal action, the Supreme Court in *Younger v. Harris*, held that a federal

court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Accordingly, the Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

The court has thoroughly reviewed the record. The court concurs with the Magistrate Judge's recommendation and incorporates the Report and Recommendation herein. Plaintiff's complaint is summarily dismissed without prejudice.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
August 8, 2012